IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eastern Shawnee Tribe of Oklahoma,    Case No. 3:05CV7267

        Plaintiff

  v.    ORDER

State of Ohio, *et al.*,

        Defendant

     This is a suit by an Indian tribe claiming title to substantial portions of the State of Ohio. The defendants have filed motions to dismiss. An unopposed request by the plaintiff for additional time in which to respond to those motions was granted.

     Now pending is plaintiff's second motion to revise the briefing schedule, and to extend the deadline for a response to the pending motions to dismiss by about four months. Several defendants have opposed the motion for additional time.

     The basis for the motion for additional time is that representatives of the plaintiff have been in "settlement" discussions with some of the defendants and certain non-parties. On review of the attachments to the plaintiff's motion for additional time and reply, it appears that those discussions involve, or may involve, the plaintiff's acquiring [or re-acquiring] land formerly used for industrial purposes on which to build a casino. [*See* Docs. 169-4, 180-5].

     Plaintiff claims that delay in the briefing schedule is necessary for these negotiations to proceed. In view of the unanimous opposition to the motion for further delay in briefing and deciding the pending motions to dismiss, I do not find the plaintiff's request for additional time persuasive. If the motions to dismiss are overruled in whole or part, the plaintiff's ability to secure

favorable resolution would, in all likelihood, be enhanced. If the motions to dismiss are granted, the economic incentives [i.e., redevelopment of land that presently is not economically productive] would appear to be unaffected.

Plaintiff has brought a suit that, if successful, could affect title to vast areas of the State of Ohio. Plaintiff appears to assume that it and some of the parties to this litigation and other entities have a right to discuss settling this lawsuit, and, as well, to be entitled to have consideration of dispositive motions postponed while negotiations occur.

Certainly, if two parties agree to settle a case, they have a right to do so. But if only one party wants to settle, and the other does not, the only right either party has is to be heard on the matters in dispute. That is the right that the defendants opposed to the motion for additional time are asserting. Given the magnitude of plaintiff's claims and their potential consequences, the right to be heard, and to be heard promptly, trumps plaintiff's desire for yet more time to talk with a handful of political entities about building casinos.

Due to the delays incumbent on the briefing of the motion for additional time and my addressing the motion, it is, though, appropriate to extend the time for plaintiff's response to the motions to dismiss somewhat.

It is, therefore,

ORDERED THAT: leave be, and the same hereby is granted to plaintiff to file its opposition to the pending motions to dismiss on or before May 31, 2006; replies due June 30, 2006.

So ordered.

                                                                            s/James G. Carr
                                                                            James G. Carr
                                                                             Chief Judge